# EXHIBIT A

## SETTLEMENT AGREEMENT

### 1.    Parties

The parties to this Settlement Agreement ("Agreement") are:

1.1    Jim S. Adler P.C. (the "Adler Firm"), a Texas corporation with a principal place of business at 3D/International Tower, 1900 West Loop South, 20th Floor, Houston Texas 77027.

1.2    Jim Adler, a Texas resident domiciled in Houston.

1.3    Ramji Law Group, P.C., a Texas professional corporation with a principal place of business at 9186 Katy Freeway, Houston, Texas 77055.

1.4    Adam Ramji, a Texas resident domiciled in Houston.

1.5    Ramji Law Group, P.C. and Adam Ramji are referred to collectively herein as Ramji.

### 2.    Effective Date

This Agreement is effective as of January 8, 2020 ("Effective Date").

### 3.    Background

3.1    As used herein, the term "mark" includes trademarks, service marks, company names, trade names, domain names, meta-tags, URLs, keywords, and any other designs, symbols, or devices used on or in connection with goods, services, or commercial activities.

3.2    Since at least the 1990s, Jim Adler and the Adler Firm have consistently and continuously used several famous trademarks, including JIM ADLER, THE HAMMER, THE TEXAS HAMMER, and EL MARTILLO TEJANO (collectively, the "ADLER Marks") to identify and promote Jim Adler and the Adler Firm, and the legal services they provide.

3.3    In addition to Jim Adler and the Adler Firm's extensive common law rights, the Adler Firm owns several federal trademark registrations for the ADLER Marks. *See* U.S. Reg. Nos. 3,507,257; 3,730,395; 3,503,851; and 3,503,852.

3.4    Law Street Marketing, LLC d/b/a Premium Injury Help, Exclusive Legal Marketing, Inc. d/b/a Premium Injury Help, Deana Bryant, and Coety Bryant a/k/a Cody Bryant ("Premium Injury") operate a lawyer referral website at premiuminjuryhelp.com and a call center associated with that site. Through premiuminjuryhelp.com and the associated call center, Premium Injury solicits and refers personal injury cases to law firms in Texas with whom they have referral agreements.  Premium and Ramji previously worked together and now no longer do.

3.5    Premium Injury purchased the ADLER Marks as keyword advertisements and used them in conjunction with "click-to-call" advertisements. Consumers who click on the click-to-call link are connected to the call center associated with premiuminjuryhelp.com, which answers the calls with a generic greeting.

3.6    On August 23, 2019, Jim Adler and the Adler Firm filed suit against Ramji and Premium Injury in the United States District Court for the Northern District of Texas, Dallas Division, alleging federal and state trademark infringement, federal and state unfair competition, state dilution, unjust enrichment, misappropriation, tortious interference, secondary liability, and civil conspiracy. *See* Case No. 3:19-cv-2026 (the "Lawsuit"). Jim Adler and the Adler Firm dismissed their claims against Premium Injury on December 20, 2019.

3.7    The parties have since agreed to compromise and settle this dispute pursuant to the terms of this Settlement Agreement. The parties acknowledge that such terms constitute good and sufficient consideration for this Agreement.

4.    **Terms**

4.1    Ramji acknowledges that Jim Adler and the Adler Firm are the owners of all rights, title, and interest in and to the ADLER Marks, and that the ADLER Marks are valid and famous marks. Ramji agrees that, in perpetuity, they will not in any way challenge or assist anyone in challenging Jim Adler and the Adler Firm's rights relating to the ADLER Marks or any other mark belonging to Jim Adler or the Adler Firm.

4.2    Ramji and Ramji's Affiliates (defined herein as all partners, owners, shareholders, joint venturers, business associates, employees, agents, spouses, family members, or employers of Ramji; all entities now, in the past, or in the future related to or controlling, controlled by, or under common control with one or more of Ramji and Ramji's Affiliates; and all predecessors or successors in interest of Ramji or Ramji's Affiliates) will never use, cause to be used, suggest to be used, register, or seek to register the ADLER Marks or any other mark belonging to Jim Adler or the Adler Firm, or any confusingly similar marks, for any purpose whatsoever, including but not limited to purchasing the marks as keywords in search-engine advertisements. This prohibition on use of the ADLER Marks or any other mark belonging to Jim Adler or the Adler Firm, or any confusingly similar marks, precludes any and all uses in electronic form or otherwise, whether for commercial purposes or not, whether visible to the public or not, regardless of any claimed fair use.

**4.3    If Ramji or Ramji's Affiliates violate any terms of this Agreement, Ramji will be liable to Jim Adler and the Adler Firm for liquidated damages in the amount of $5,000 for every business day after the Effective Date on which they are in violation of this Agreement. Ramji acknowledges and agrees that it would be difficult or impossible to quantify in monetary damages the harm to Jim Adler and the Adler Firm that would be caused by Ramji's or Ramji's Affiliates' failure to cease using the ADLER Marks or any other mark belonging to Jim Adler or the Adler Firm, or any confusingly similar mark, by the Effective Date, and that the liquidated damages provided in this paragraph are a reasonable approximation of the actual damages Jim Adler and the Adler Firm would**

**sustain if Ramji or Ramji's Affiliates do not cease such use by the Effective Date. Ramji further agrees that, if Ramji or Ramji's Affiliates violate this Agreement, in addition to any other damages provided by law, Jim Adler and the Adler Firm will be entitled to and shall recover from Ramji any and all attorneys' fees, expenses, and costs arising from Ramji's or Ramji's Affiliates' violation of this Agreement, including but not limited to attorneys' fees, expenses, and costs arising from enforcing this Agreement. Ramji acknowledges and agrees that the liquidated damages amounts provided for in this paragraph are in addition to any attorneys' fees, expenses, and costs , and any further injunctive relief or damages that may be awarded to Jim Adler and the Adler Firm in connection with enforcing their rights under this Agreement.**

4.4     After execution of this Agreement by all Parties and not later than noon on January 10, 2020, Ramji will pay Adler and the Adler Firm twenty-five thousand U.S. dollars ($25,000). Ramji will make the required payment by wire transfer, according to instructions from counsel for Jim Adler and the Adler Firm.

4.5     After execution of this agreement and Ramji's payment to Jim Adler and the Adler Firm in accordance with paragraph 4.4, Jim Adler, the Adler Firm, and Ramji will sign and file a stipulated dismissal of the Lawsuit without prejudice.

**5.     General Provisions**

5.1     This Agreement is binding on and inures to the benefit of each party hereto, including its respective administrators, officers, directors, shareholders, agents, servants, affiliates, employees, legal representatives, related entities, assigns, successors, and all those acting in concert with them or any of them.

5.2     This Agreement constitutes the final and complete expression of all the terms of the agreement between the parties with respect to the subject matter hereof. It supersedes all understandings and negotiations concerning the matters specified herein. Any representations, oral statements, promises, or warranties made by any party that differ in any way from the terms of this Agreement are not binding unless made in writing and signed by a duly authorized representative of all parties.

5.3     Any invalidity, in whole or in part, of any provision of this Agreement will not affect the validity of any other of its provisions and any invalid provision shall be modified to the extent necessary to make it valid and/or enforceable or shall be severed if a saving modification is not possible.

5.4     The parties agree to execute all such documents and take all such actions as may be necessary to effectuate and to fully carry out the terms and purposes of this Agreement.

**5.5     Each party acknowledges that it negotiated this Agreement with full opportunity to consult with legal counsel and negotiate revisions to the terms agreed upon. In entering this Agreement, the parties have relied only on their own judgment and advice of their own counsel. In making this Agreement, the parties have not relied on any representations or advice of any**

other party or any other party's attorneys. **The parties specifically waive and release any claim resulting from their decision to enter into this Agreement, including but not limited to any claim of fraud, misrepresentation, or fraudulent inducement. No part of this Agreement is to be construed against either party because of the identity of the drafter.**

5.6    Each party represents that the person executing this Agreement on its behalf has been authorized to sign on behalf of the party and to bind it to the terms of this Agreement.

5.7    The exclusive venue for any litigation commenced between the parties regarding this Agreement will be the United States District Court for the Northern District of Texas, Dallas Division, and the parties expressly consent to personal jurisdiction in that court. This Agreement will be interpreted under the laws of the State of Texas.

5.8    This Agreement may be executed in counterparts or duplicate originals, each of which is deemed an original for all purposes. Execution of a facsimile or scanned copy will have the same force and effect as execution of an original, and a facsimile signature will be deemed an original and valid signature.

**JIM S. ADLER P.C.**

By: _Jim S Adler_

Name: _JIM S. ADLER_

Title: _PRESIDENT_

Date: _1/9/2020_

**JIM ADLER**

By: _Jim S Adler_

Date: _1/9/2020_

**RAMJI LAW GROUP, P.C.**

By: _Adam Ramji_

Name: _Adam Ramji_

Title: _President_

Date: _1/9/2020_

**ADAM RAMJI**

By: _Adam Ramji_

Name: _Adam Ramji_

Title: _____

Date: _1/9/2020_